524 A.2d 987

**Gary FRIEDMAN and Sharon Friedman, His Wife, Appellants,**

**v.**

**Bonnie LUBECKI, i/t/a Whitestown Farms, a Sole Proprietorship.**

Superior Court of Pennsylvania.

Argued Jan. 21, 1987.

Filed April 24, 1987.

Bradley S. Gelder, Pittsburgh, for appellants.

Before BROSKY, DEL SOLE and CERCONE, JJ.

BROSKY, Judge:

This is an appeal from a judgment entered on an order denying appellants' Petition to reinstate their appeal after entry of a rule to show cause upon appellee why their appeal from a judgment entered against them by a District Justice should not be stricken for failure to file their complaint timely.

The issue presented in this appeal is whether the delay in filing the complaint, occasioned by late notice of the judgment by the District Justice 24 days after entry of judg-

ment and a limited work schedule in appellants' counsel's office due to the Christmas holidays, constitutes good cause to require reinstatement of the appeal. For reasons appearing below, we reverse and remand.

On November 18, 1985, judgment was entered by the District Justice for appellee, a boarder, seller and buyer of horses. On December 12, 1985, 24 days after entry of judgment, the District Justice notified appellants of the judgment entered against them.[1] The following day, December 13, 1985, and well within the 30–day period prescribed by Pa.R.C.P.D.J. 1002, appellants perfected an appeal from the said judgment to the Court of Common Pleas of Butler County, Pennsylvania.

Subsequently, on January 6, 1986, appellants filed their Complaint against appellee alleging specific damage in the amount of $55,000, the purchase price of two Arabian fillies, plus interest, as well as damages for the expenses of boarding and caring for the horses and in pursuing the litigation.[2] The complaint alleged breach of an oral contract to resell two Polish Arabian fillies which appellants had purchased from a third party for $55,000.

On January 10, 1986, in accordance with Pa.R.C.P.D.J. 1006 but four days *after* appellants had filed their Complaint, appellee praeciped to strike appellants' appeal from the judgment of the District Justice for failure of appellants to file their Complaint against appellee within 20 days of the filing of their notice of appeal from the said judgment pursuant to Pa.R.C.P.D.J. 1004 A. As provided by Pa.R.C.P.D.J. 1006, appellants, on February 7, 1986, filed a Petition to reinstate their appeal alleging, as the *sole* reason for good cause to allow reinstatement, that the shortened holiday work period prevented the timely preparation and filing

1. We are unable to ascertain the amount or the exact nature of the claim upon which the District Justice entered judgment because of the incomplete record of the proceedings before that tribunal.

2. The taking of appeals from final orders of District Justices is governed by § 932 of the Judicial Code, 42 Pa.C.S.A. § 932, which vests the Courts of Common Pleas with exclusive jurisdiction to entertain such matters.

of their Complaint with the Prothonotary of the Butler County Common Pleas Court.[3] The Petition was denied on June 3, 1986, and judgment was entered pursuant to Pa.R. App.P. 301(d) on June 27, 1986. This timely appeal followed.

We note that appellee filed her praecipe to strike *after* appellants' Complaint had already been filed in Common Pleas Court. If appellee expected that appellants be sanctioned by not having their appeal processed to ultimate determination, her remedy, immediately available after the 20–day period had passed for appellants to timely file their complaint pursuant to Pa.R.C.P.D.J. 1004 A, was to praecipe, at that time, to strike the appeal as provided by Pa.R.C.P.D.J. 1006. We do not deem the effect of striking an appeal in this context to be automatic from the first day after appellants' default. Rule 1006 is not self-enforcing. Therefore, it became the duty of appellee, *upon default of appellants*, to praecipe to strike the appeal.

■ To fully accomplish the purpose of its terms, we hold that the Rule 1006 procedure must be triggered *before* an appellant files his Complaint in Common Pleas Court. Instantly, the filing of the Complaint by appellants pursuant to Pa.R.C.P.D.J. 1004 A barred appellee from thereafter invoking her remedy under Pa.R.C.P.D.J. 1006.

Our Supreme Court has construed an analogous situation interpreting the Rules of Civil Procedure relating to joinder of parties. *Alexander v. Mastercraft Constr. Co., Inc.*, 455 Pa. 579, 317 A.2d 278 (1974). There, the original defendant failed to file his complaint against the additional defendant within the 20–day period prescribed by then Pa.R.C.P. 2252(b), after having first joined him by praecipe. The *Alexander* court held that it was then incumbent upon the

---

**3.** Appellants raise for the first time on appeal the issue of the 24–day lapse between entry of judgment by the District Justice and their notification of the judgment. Below, their contention of good cause to reinstate was limited solely to the shortened holiday work period as posing a barrier to the preparation and timely filing of their Complaint. We would deem the 24–day lapse aspect of that issue waived as it was not initially raised in the trial court. *See* Pa.R.App.P. 302(a).

additional defendant to pursue his remedy under Pa.R.C.P. 1037(a). Rule 1037(a) provides that a defendant may praecipe for a rule on the opposing party to file its Complaint within 20 days of the entry of the rule. If such Complaint is not forthcoming within the prescribed time, the Rule further provides that a defendant may then praecipe for entry of a default judgment.

In *Alexander*, the original defendant did file his Complaint, albeit untimely, and the additional defendant then proceeded to attack this unseasonable filing by means of preliminary objections, without having first invoked Rule 1037(a) *before* the untimely Complaint had been filed. The trial court dismissed original defendant's Complaint on this basis.

However, the Supreme Court reversed, holding that then Pa.R.C.P. 2252(b) did not mandate automatic dismissal of the action against the additional defendant. Rather, the additional defendant, to avail himself of a remedy, was required, under Rule 1037(a), first to rule the original defendant to file his Complaint. Absent the original defendant's compliance with this rule within 20 days of entry upon him, the additional defendant then had to trigger the second tier of relief provided by Rule 1037(a), i.e., he had to praecipe for the entry of a default judgment against the original defendant. The *Alexander* court held that the additional defendant could not seek his remedy by filing preliminary objections *after* the original defendant's complaint had been filed, even though untimely.

█ Employing this analogy instantly, we hold that appellee was required to invoke her remedy under Pa.R.C.P.D.J. 1006 *before* appellants filed their untimely Complaint in Common Pleas Court. Rule 1006 speaks in terms of striking the *appeal*. This, in our view, contemplates a situation where the Complaint has not yet been filed. Once appellants had filed their Complaint, it was then too late for appellee to seek relief under Rule 1006, even though the Complaint was unseasonable. She had, by then, lost the race to the Courthouse.

We repeat, Rule 1006 is not self-enforcing. Its effect is not automatically triggered even if, after 20 days have passed, an appellant has not filed his Complaint. In that event, it is incumbent upon an appellee to proceed under Rule 1006 to strike the appeal from the record. Rule 1006 only provides for the striking of an *appeal* filed pursuant to Pa.R.C.P.D.J. 1002. We discern no language in Rule 1006 which encompasses within its terms the striking of an untimely filed Complaint, as well, nor will we read any such requirement into a Rule which clearly on its face provides for a method by which an appeal is to be stricken from the record for failure to comply with Pa.R.C.P.D.J. 1004 A. As we have stated earlier, this rule mandates the filing of a Complaint within 20 days of the taking of an appeal from the judgment of a District Justice.

Just as the *Alexander* court refused to hold that then Pa.R.C.P. 2252(b) called for automatic dismissal of the original defendant's claim against the additional defendant unless the latter first invoked the procedures available under Pa.R.C.P. 1037(a) before the Complaint had been filed, we, too, conclude that Pa.R.C.P. 1004 A lacks a similar self-enforcement mechanism.

In this regard, we point appellee to the remedy provided by Pa.R.C.P.D.J. 1006, but, once again, we caution that this remedy must be invoked *before* an appellant files his Complaint in Common Pleas Court. To hold otherwise would frustrate the purpose of Rule 1006 which, we deem, by its terms, is to punish an appellant for failure to file his Complaint pursuant to Rule 1004 A.

We note again, as we did earlier in this discussion, that the additional defendant in *Alexander* did not proceed the Rule 1037(a) route but, rather, filed preliminary objections to the Complaint, whereas here, appellee did file her Rule 1006 praecipe to strike the appeal. Even so, her action was without effect, and we do not consider it as compelling a different result from that reached in *Alexander*. The common denominator of both cases was the parties' failure to

proceed properly under the applicable Rules of Civil Procedure at the appropriate time.

We note that appellants have filed a civil action in the nature of a complaint requesting, as we stated earlier, damages in the amount of the purchase price of the Arabian fillies, plus interest, and damages for amounts expended in connection with the boarding and care of these horses, which claim is properly within the jurisdiction of Common Pleas Court. Pa. Const. art 5, § 5; 42 Pa.C.S.A. § 931; *see also Martino v. Transport Workers Union,* 301 Pa.Super. 161, 447 A.2d 292, *aff'd,* 505 Pa. 391, 480 A.2d 242 (1984).

In view of this, we reverse the judgment entered on the order denying appellants' Petition to reinstate and remand the instant matter to the trial court so that it may proceed to disposition according to the Pennsylvania Rules of Civil Procedure governing civil actions.

Judgment reversed and case remanded. Jurisdiction relinquished.