**Shuga v. Shearer**

*John J. Dunn Sr.,* for plaintiff.
*Alice T. K. Corba,* for defendant.

HOURIGAN, *P.J.,* September 14, 1988 — This matter is before the court on plaintiff's petition to reinstate appeal and to open judgment.

### HISTORY AND FACTS

On December 17, 1987, plaintiff filed a notice of appeal from district justice judgment. Filed on May

6, 1988, plaintiff's complaint seeks to recover $755.02, the cost to repair damages to her vehicle that were allegedly caused by defendant. On May 26, 1988, counsel for defendant filed a praecipe for entry of appearance. On June 8, 1988, defendant filed a praecipe to strike plaintiff's appeal, pursuant to Pa.R.C.P.D.J. 1006; judgment was entered on defendant's behalf by the prothonotary. On June 29, 1988, plaintiff filed the petition for reinstatement of appeal and to open judgment, which is presently before this court for disposition.

## DISCUSSION AND LAW

Defendant argues that insofar as the complaint was filed before defendant's praecipe to strike appeal, Pa.R.C.P.D.J. 1006 is inapplicable. In its entirety, rule 1006 provides as follows:

"Upon failure of the appellant to comply with rule 1004A [1] or rule 1005B, [2] the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown."

In support of his position, defendant relies on *Friedman v. Lubecki,* 362 Pa. Super. 499, 524 A.2d 987 (1987), wherein our Superior Court reviewed a party's delay in filing an appeal in light of the principle of "good cause," requiring reinstatement of the appeal; additionally, rule 1004 was thoroughly examined. In this regard, the *Friedman* court reasoned as follows:

1. Rule 1004A provides that "[if] the appellant was the claimant in the action before the district justice, he shall file a complaint within 20 days after filing his notice of appeal."

2. Rule 1005B provides procedure for filing proof of service.

"We note that appellee filed her praecipe to strike *after* appellants' complaint had already been filed in common pleas court. If appellee expected that appellants be santioned by not having their appeal processed to ultimate determination, her remedy, immediately available after the 20-day period had passed for appellants to timely file their complaint pursuant to Pa.R.C.P.D.J. 1004A, was to praecipe, at the time, to strike the appeal as provided by Pa.R.C.P.D.J. 1006 . . . Rule 1006 is not self-enforcing. Therefore, it became the duty of appellee, *upon default of appellants,* to praecipe to strike the appeal." *Friedman* at 502, 524 A.2d at 988-9. (emphasis in original)

The *Friedman* court ultimately held that "[t]o fully accomplish the purpose of its terms, . . . rule 1006 procedure must be triggered *before* an appellant files his complaint in common please court"; the filing of the complaint bars the adverse party from thereafter invoking the remedy provided by rule 1006. *Friedman* at 502, 524 A.2d at 989. (emphasis in original)

As noted in *Friedman,* rule 1006 is not self-enforcing; the present defendaant has lost the "race to the courthouse." Accordingly, the relief requested in plaintiff's petition is granted.

## ORDER

It is hereby ordered as follows:

Plaintiff's petition for reinstatement of appeal and to open judgment is granted;

The judgment entered on June 8, 1988 is stricken;

Plaintiff's appeal from district justice judgment is reinstated.