# Helfrick v. UPMC Shadyside Hospital

C.P. of Allegheny County, no. GD03-010082.

*Richard T. Haft, Edward Wehrenberg* and *Patrick J. Loughren,* for plaintiff.

*Eugene A. Giotto,* for defendants UPMC Shadyside Hospital, UPMC Rehabilitation Hospital, Heartland Health Care Center, Health Care and Retirement Corp., Ismail-Breigi and Chu.

*Jeanne Welch Sopher,* for defendants Skura and Mieckowski.

*Giles J. Gaca* and *Alan S. Baum,* for defendants Weber, Casey and Levy.

*Lynn E. Bell,* for defendant Hall.

*Robert J. Pfaff* and *Suzanne Oppman,* for defendant Levenson.

WETTICK JR., *J.,* September 29, 2003—The subject of this opinion and order of court is plaintiff's petition to strike a judgment of non pros entered for failure of plaintiff to file a certificate of merit within 60 days of the filing of the complaint. The issue raised through this petition is whether a judgment of non pros may be obtained if the plaintiff has filed a certificate of merit beyond the 60-day period set forth in the rules for the filing of a certificate of merit but before the defendant's filing of a praecipe for the entry of a judgment of non pros.[1]

---

1. Case law holds that in determining first-in-time, it is the times and dates of the filings as opposed to the times and dates of the entry of the filings on the record. *Lansdowne by Lansdowne v. G.C. Murphy,* 358 Pa. Super. 448, 517 A.2d 1318 (1986).

In a complaint filed on May 29, 2003, plaintiff asserted professional liability actions against numerous defendants, including Dr. David J. Levenson. Under Pa.R.C.P. 1042.3, the attorney for plaintiff was required to file within 60 days after the filing of the complaint either a certificate of merit or a motion to extend the time for the filing of the certificate. Plaintiff failed to do so. At 8:30 a.m. on August 1, 2003 (the 64th day after the complaint was filed), counsel for plaintiff filed a certificate of merit as to Dr. Levenson. At 2:38 p.m. on August 1, 2003, counsel for Dr. Levenson filed a praecipe for the entry of judgment of non pros pursuant to Pa.R.C.P. 1042.6 which reads as follows:

*"Rule 1042.6. Entry of judgment of non pros for failure to file certification*

"(a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

"*Note:* The prothonotary may not enter judgment if the certificate of merit has been filed prior to the filing of the praecipe.

"Rule 237.1 does not apply to a judgment of non pros entered under this rule.

"(b) The praecipe for the entry of a judgment of non pros shall be substantially in the following form: . . . ."

In response to the praecipe which defendant filed, the prothonotary entered a judgment of non pros. Plaintiff has filed a petition to strike the judgment on the ground that the prothonotary lacked authority to enter a judg-

ment of non pros after the filing of a certificate of merit. I am granting the petition.

The text of Rule 1042.6 does not address the issue of what happens when a plaintiff files a certificate of merit beyond the 60-day period but before the entry of a judgment of non pros. However, the note to Rule 1042.6 provides the answer: "The prothonotary may not enter judgment if the certificate of merit has been filed prior to the filing of the praecipe."

Defendant contends that I should disregard the note because it is inconsistent with Rule 1042.6. I disagree. As I will discuss, there is an issue as to whether the prothonotary is authorized to enter a judgment of non pros if a plaintiff has complied with the requirements of a rule, albeit untimely, prior to the defendant's filing a praecipe for the entry of a judgment of non pros. Consequently, the note is answering the question that the rule does not address. The answer that the note furnishes is consistent with case law governing analogous situations.

A note should be used in construing a rule of civil procedure unless it is not possible to give effect to both the note and the rule. See Pa.R.C.P. 129(e) ("A note to a rule or an explanatory comment is not a part of the rule but may be used in construing the rule.") and the explanatory comment—1990 to Rule 129(e) (citing with approval the statement of the Pennsylvania Supreme Court in *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 59, 436 A.2d 147, 151 (1981), that explanatory notes "indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted").

It is common practice for appellate courts, when construing a rule of civil procedure, to give considerable weight to the notes and explanatory comments that accompany the rule. See *Katz v. St. Mary Hospital,* 816 A.2d 1125, 1127-28 (Pa. Super. 2003); *Rieser v. Glukowsky,* 435 Pa. Super. 530, 539, 646 A.2d 1221, 1225 (1994); *McGonigle v. Currence,* 387 Pa. Super. 511, 516, 564 A.2d 508, 510-11 (1989); *Macioce v. Glinatsis,* 361 Pa. Super. 222, 226, 522 A.2d 94, 96 (1987).

There is no inconsistency between Rule 1042.6 and the note providing that the prothonotary may not enter judgment if the certificate has been filed prior to the filing of the praecipe. Rules of civil procedure providing for the prothonotary to enter a judgment of non pros, upon praecipe of the defendant, for failure of a plaintiff to comply with a rule of court, are not construed as providing for the automatic entry of a judgment of non pros. Since such rules are not self-enforcing, they are not construed as providing for the striking of a plaintiff's filing which occurs prior to the defendant's filing of a praecipe for the entry of a judgment of non pros.

In *Friedman v. Lubecki,* 362 Pa. Super. 499, 524 A.2d 987 (1987), the plaintiffs filed a timely notice of appeal from a district justice judgment. Pa.R.C.P.D.J. 1004A provides that if the appellant was the claimant in the action before the district justice, he or she shall file a complaint within 20 days after filing the notice of appeal. Pa.R.C.P.D.J. 1006 provides that "Upon failure of the appellant to comply with Rule 1004A, . . . the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record."

In *Friedman,* the plaintiffs filed their complaint on the 24th day following the filing of the notice of appeal. Four

days later, the defendant filed a praecipe to strike the appeal for failure of the plaintiffs to file their complaint within the 20-day period set forth in Rule 1004A. The trial court denied the plaintiffs' petition to reinstate the appeal. The Superior Court reversed.

The Superior Court ruled that the trial court had misconstrued the rule; the Superior Court read the rule as providing that it was too late for the defendant to seek relief under Rule 1006 once the plaintiffs had filed their complaint:

"We repeat, Rule 1006 is not self-enforcing. Its effect is not automatically triggered even if, after 20 days have passed, an appellant has not filed his complaint. In that event, it is incumbent upon an appellee to proceed under Rule 1006 to strike the appeal from the record. Rule 1006 only provides for the striking of an appeal filed pursuant to Pa.R.C.P.D.J. 1002. We discern no language in Rule 1006 which encompasses within its terms the striking of an untimely filed complaint, as well, nor will we read any such requirement into a rule which clearly on its face provides for a method by which an appeal is to be stricken from the record for failure to comply with Pa.R.C.P.D.J. 1004A." 362 Pa. Super. at 504, 524 A.2d at 989.

In making its decision, the Superior Court looked to *Alexander v. Mastercraft Construction Co. Inc.*, 455 Pa. 579, 317 A.2d 278 (1974), in which, according to the Superior Court, "[O]ur Supreme Court has construed an analogous situation interpreting the rules of civil procedure relating to joinder of parties." 362 Pa. Super. at 502, 524 A.2d at 989. In *Alexander*, the rules of civil procedure required the complaint of a defendant against an

additional defendant to be filed within 20 days after the defendant filed its praecipe for writ to join additional defendant. The Supreme Court refused to hold that this rule called for the automatic dismissal of the original defendants' claims against the additional defendant where the additional defendant had not invoked the procedures available under Pa.R.C.P. 1037(a) prior to the filing of the complaint.

Rule 1042.6(a) tracks the language of Rule 1037(a) which governs the filing of a complaint in actions not commenced by complaint. The second sentence of Rule 1037(a) provides that "[i]f a complaint is not filed within 20 days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros." Case law construes this rule as authorizing the prothonotary to enter a judgment of non pros only if the praecipe is filed before a complaint has been filed. See 7 Standard Pennsylvania Practice 2d §39:93 (1996) (and cases cited therein).

In *Lansdowne by Lansdowne v. G.C. Murphy, supra,* 358 Pa. Super. 448, 517 A.2d 1318, the plaintiff commenced a lawsuit by filing a praecipe for a writ of summons in October 1981. In June 1983, the defendant obtained a rule to file a complaint within 20 days. On September 16, 1983, at 9:29 a.m., the defendant filed with the prothonotary a praecipe for entry of judgment of non pros. At 2:30 p.m. on the same day, counsel for the plaintiff filed a complaint with the prothonotary. The prothonotary did not enter judgment in the docket until September 19, 1983. Subsequently, the trial court struck the complaint for failure to comply with Rule 1037(a).

136

The issue the Superior Court addressed in *Lansdowne* was whether it was proper for the trial court to strike the complaint in the situation in which the complaint was filed before the entry of the judgment of non pros. The Superior Court ruled that the complaint was properly stricken because the praecipe was filed before the plaintiff filed his complaint. *Id.,* 358 Pa. Super. at 458, 517 A.2d at 1323. There would have been no need for the Superior Court to address this issue if Rule 1037(a) required the prothonotary to enter a judgment of non pros whenever a complaint is not filed within the 20-day period.

For these reasons, I enter the following order of court:

## ORDER

On September 29, 2003, it is hereby ordered that plaintiff's petition to strike judgment of non pros as to defendant David J. Levenson M.D., is granted.