J-A26035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| PAUL W. ZALUS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE SKARUPA | : | No. 529 WDA 2018 |

Appeal from the Order March 16, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  A.R. No. 16-005471

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED NOVEMBER 19, 2018

Paul W. Zalus (Appellant) appeals from the trial court's order sustaining the preliminary objections of Nicole Skarupa (Appellee) and dismissing Appellant's complaint.  Upon review, we affirm.

Appellant initiated the underlying civil action against Appellee, his former fiancé, in the Magisterial District Court.  On November 29, 2016, the Magisterial District Judge entered judgment in favor of Appellant, with an award of "$0.00."  Appellant filed a timely notice of appeal to the Court of Common Pleas on December 21, 2016.  However, Appellant did not file his corresponding complaint until more than a year later, on February 7, 2018. Within the complaint, Appellant alleged breach of contract, unjust enrichment, and conversion of property; he sought damages of less than $35,000.

Thereafter, Appellee filed preliminary objections, citing Pa.R.C.P.M.D.J. 1004(A), which states that if the appellant "was the claimant in the action

before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal." Pa.R.C.P.M.D.J. 1004(A). Appellee asserted that her preliminary objections should be sustained because Appellant failed to file his complaint within 20 days of filing his notice of appeal. On March 16, 2018, the trial court sustained Appellee's preliminary objections and dismissed Appellant's complaint with prejudice. Appellant filed this appeal on April 16, 2018. Both the trial court and Appellant have complied with Pennsylvania Rule of Civil Procedure 1925.

We have explained our scope and standard of review in examining a challenge to an order sustaining preliminary objections as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. Clemleddy Constr., Inc. v. Yorston, 810 A.2d 693 (Pa. Super. 2002)[, appeal denied, 573 Pa. 682, 823 A.2d 143 (2003)]. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. Id.

David R. Nicholson, Builder, LLC v. Jablonski, 163 A.3d 1048, 1051 (Pa. Super. 2017) (citation omitted), appeal denied, 173 A.3d 266 (Pa. 2017).

Instantly, both the trial court and Appellee rely on Nicholson to support their position that the trial court properly sustained Appellee's preliminary

objections. Appellant counters that the trial court erred in relying on Nicholson because that case "focused on a trial court's lack of jurisdiction to consider a pro se complaint, and the cases cited therein do not address a failure to comply with Rule 1004A of the Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges, among other things." Appellant's Brief at 3. We disagree with Appellant.

In Nicholson, this Court affirmed the trial court's order sustaining the appellees' preliminary objections and dismissed as untimely Appellant's complaint for breach of contract. We held that the late filing of a counseled complaint did not cure an invalid pro se appeal from the magisterial district court judgment. We determined the timely pro se appeal was invalid because Appellant was a corporation. We explained that "[c]orporations may appear and be represented in Pennsylvania courts only by an attorney at law 'duly admitted to practice.'" 173 A.3d 1052. Rule 1004(A) does not distinguish between a pro se or counseled appellant. Moreover, this Court in Nicholson is clear in referencing Rule 1004(A) and explaining:

> Under the rules governing appellate proceedings with respect to judgments and other decisions of the MDJ in civil matters, Appellant had thirty days to file a notice of appeal to the court of common pleas and another twenty days from the date of the notice of appeal to file a counseled complaint in order to perfect its appeal. See Pa.R.C.P.M.D.J. 1002(A), 1004(A). Therefore, Appellant had until March 24, 2016, to perfect its appeal. Appellant did not file its counseled complaint until April 4, 2016, which was outside the time limits of the relevant appellate rules.

Nicholson, 163 A.3d at 1056.

Here, Appellant likewise had 30 days to file a notice of appeal to the Court of Common Pleas. He timely filed his appeal from the November 29, 2016 judgment on December 21, 2016. However, he did not file his complaint until February 7, 2018. Thus, the record "is clear and free from doubt" as to Appellant's failure to conform with Pa.R.C.P.M.D.J. 1004A.

Appellant advances another argument that the trial court erred in sustaining Appellee's preliminary objections because Appellee "failed to file a praecipe to strike [Appellee's] appeal under Rule 1006 of the Rules of Civil Procedure." Appellant's Brief at 2. Appellant maintains that this was Appellee's "sole remedy, in response to Appellant's failure to timely file a Complaint." Id. at 7.

Rule 1006 states:

Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.

Pa.R.C.P.M.D.J. 1006.

Appellant cites Friedman v. Lubecki, 524 A.2d 987 (Pa. Super. 1987), in support of his contention that Appellee's "sole remedy" was to praecipe to strike the appeal under Rule 1006. Appellant's Brief at 10. In Friedman, this Court stated that "Rule 1006 is not self-enforcing. Therefore, it became the duty of appellee, upon default of appellants, to praecipe to strike the appeal." Id. at 988-89 (emphasis in original). We further stated:

[W]e hold that the Rule 1006 procedure must be triggered before an appellant files his Complaint in Common Pleas Court. Instantly, the filing of the Complaint by appellants pursuant to Pa.R.C.P.D.J. 1004A barred appellee from thereafter invoking her remedy under Pa.R.C.P.D.J. 1006.

Id. at 989.

Consistent with Rule 1004(A), Appellant acknowledges that he filed his complaint late. Appellant's Brief at 8-9. Appellee acknowledges, consistent with Rule 1006, that once Appellant filed his complaint, she was precluded from seeking relief under Rule 1006. Appellee's Brief at 16. However, Appellee disputes that Rule 1006 was her sole remedy and asserts that Nicholson is dispositive because it "addresses the specific situation that has arisen in this instance." Id. We agree. As noted above, this Court in Nicholson affirmed the trial court's order sustaining the appellees' preliminary objections and dismissing the appellant's complaint as untimely. Accordingly, we are not persuaded by Appellant's argument that Rule 1006 was Appellee's sole remedy in this case.

Finally, Appellant argues that the trial court erred in dismissing his untimely complaint in contravention of Pa.R.C.P. 126. That Rule generally provides for the "liberal construction and application of Rules," and states:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126 (emphasis added).

Appellant argues that consistent with Rule 126, the trial court should have denied Appellee's preliminary objections because "Appellee has not alleged or demonstrated any prejudice resulting from Appellant's delay in filing his Compliant." Appellant's Brief at 17. Appellee responds that the Rule is discretionary, and "provides the court with the option, not the obligation, to disregard the late filing of a complaint under Pa.R.C.P. 126." Appellee is right. As noted above, this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. Nicholson. Our review reveals neither error of law or abuse of discretion in this case. We therefore affirm the trial court's order sustaining Appellee's preliminary objections and dismissing Appellant's complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2018