IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Farida B. Rahman,                          :
                    Appellant             :
                                           :    No.  1099 C.D. 2018
              v.                           :
                                           :    Submitted:  April 12, 2019
Foster Township and Thomas J.              :
Jones, Jr.                                 :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION BY
JUDGE McCULLOUGH                                    FILED:  June 7, 2019


            Farida B. Rahman appeals, *pro se*, from the July 9, 2018 order of the Court
of Common Pleas of Luzerne County (trial court) denying Ms. Rahman's "Motion to
Open and Strike Judgment" (Motion to Open Judgment) and "Motion to Dismiss,
Praecipe to Strike Appeal from Foster Township" (Motion to Dismiss Praecipe).[1]

            Ms. Rahman owns real property located in Foster Township (Township),
Luzerne County.  Ms. Rahman has been involved in ongoing collection matters by the
Township regarding alleged delinquent sewer payments owed to the Township and
other litigation with the Township concerning the sewer connection on her property,
which Ms. Rahman alleges caused damage to her property.  In December 2017, Ms.
Rahman filed a civil complaint in magisterial district court against the Township and
her attorney, Thomas J. Jones, Jr. (collectively Appellees), alleging that Mr. Jones

_____

[1] Ms. Rahman's brief states that she is appealing from the August 22, 2018 order of the trial
court denying Rahman's motion for reconsideration.  However, the notice of appeal in this matter
indicates that Ms. Rahman is, in fact, appealing from the July 9, 2018 order of the trial court.

improperly billed her account to satisfy a judgment against her relating to the delinquent sewer payments, and seeking damages in the amount of $2,673.48.  On March 15, 2018, the magisterial district court entered judgment in favor of Appellees.

Thereafter, on April 13, 2018, Ms. Rahman filed a notice of appeal from the magisterial district court judgment with the trial court.  On May 4, 2018, Ms. Rahman filed a complaint with the trial court, sounding in breach of contract, "willful misconduct," and "false pretense," against Appellees and seeking damages in the amount of $2,673.48.  On May 8, 2018, the Township and Mr. Jones each filed a Praecipe to Strike Appeal for Ms. Rahman's failure to timely file a complaint.  That same day, the trial court prothonotary struck Ms. Rahman's appeal pursuant to Rule 1006 of the Pennsylvania Magisterial District Judge Rules, Pa.R.C.P.M.D.J. No. 1006.[2]

On May 18, 2018, Ms. Rahman filed a Motion to Open Judgment, which purported to open and strike the trial court's May 8, 2018 judgment.  Further, on May 21, 2018, Ms. Rahman filed a Motion to Dismiss Praecipe, requesting that the trial court dismiss the Township's Praecipe to Strike Appeal.  Following argument, on July 9, 2018, the trial court denied Ms. Rahman's two motions.  On July 18, 2018, Ms. Rahman filed a motion for reconsideration of the July 9, 2018 trial court order, which the trial court denied on August 22, 2018.  Ms. Rahman filed a timely notice of appeal of the trial court's July 9, 2018 order on August 7, 2018.

In its opinion in support of its July 9, 2018 order, the trial court stated that "[b]ecause many of Plaintiff's filings [were], at best unclear, the [c]ourt [was] unsure whether the [c]ourt's [o]rder constitute[d] an appealable order."  (Trial court op. at 1.)  However, the trial court concluded that the case of *Friedman v. Lubecki*, 524 A.2d 987

---

[2] Pa.R.C.P.M.D.J. No. 1006 provides as follows:  "Upon failure to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record.  The court of common pleas may reinstate the appeal upon good cause shown."  *Id.*

2

(Pa. Super. 1987), "which none of the parties cited in their submissions before [the trial court,] would be controlling on the issue presented by this case if [Ms. Rahman's] filings were to be considered as petitions or motions to reinstate her appeal from the decision" of the magisterial district court. (Trial court op. at 1-2.) Therefore, the trial court requested "that the instant '[n]otice of [a]ppeal' be quashed and/or that the matter be remanded to [the trial court] for further proceedings consistent with *Friedman v. Lubecki*." (Trial court op. at 2.)

On appeal,[3] Ms. Rahman raises the following issues: (1) the trial court erred and abused its discretion in sustaining Appellees' motions to dismiss her complaint; (2) the trial court erred and abused its discretion when it denied Ms. Rahman's Motion to Open Judgment and Motion to Dismiss Praecipe; and (3) Appellees withheld funds from her account under false pretenses.

Because resolution of the second issue disposes of this matter, we first address whether the trial court erred or abused its discretion when it denied Ms. Rahman's Motion to Open Judgment and Motion to Dismiss Praecipe. The crux of Ms. Rahman's argument is that in order to strike an appeal from a magisterial district court judgment pursuant to Pa.R.C.P.M.D.J. No. 1006, the rule must be invoked before the complaint is filed with the trial court. Ms. Rahman maintains that because she filed her complaint in the trial court on May 4, 2018, before Appellees filed their Praecipes to Strike the Appeal, Appellees were thereafter precluded from seeking dismissal of the complaint pursuant to Pa.R.C.P.M.D.J. No. 1006, even if her complaint was untimely filed.

---

[3] Our review of a denial of a petition to open a judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Clayton v. City of Philadelphia*, 910 A.2d 93, 97 (Pa. Cmwlth. 2006); *Vogt v. Liberty Mutual Fire Insurance Co.*, 900 A.2d 912, 915-16, (Pa. Super. 2006).

Pa.R.C.P.M.D.J. No. 1004A provides as follows: "If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal." *Id.* Further, under Pa.R.C.P.M.D.J. No. 1006, "Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown." *Id.*

Our Superior Court examined Pa.R.C.P.M.D.J. No. 1006 in *Friedman*. There, the appellants filed a complaint with the trial court **more than 20 days after filing their appeal** from the judgment of a magisterial district judge. *Friedman*, 524 A.2d at 988. Four days after the appellants filed their untimely complaint, the appellee filed a praecipe to strike the appeal pursuant to Pa.R.C.P.M.D.J. No. 1006, for failure to file the complaint within 20 days of filing the notice of appeal. *Friedman*, 524 A.2d at 988. After the praecipe was granted by the trial court prothonotary, the appellants filed a petition to reinstate the appeal, which was denied. *Id.*

Our Superior Court noted that the appellee "filed her praecipe to strike **after** [the] appellants' [c]omplaint had already been filed" in the trial court. *Id.* (emphasis added). The court explained that if the appellee wanted the appellants sanctioned for "not having their appeal processed to ultimate determination" the remedy "immediately available after the 20-day period had passed for [the] appellants to timely file their complaint pursuant to Pa.R.C.P.[M.]D.J. [No.] 1004A, was to praecipe, at that time, to strike the appeal as provided by Pa.R.C.P.[M.]D.J. [No.] 1006." *Friedman*, 524 A.2d at 988. The court stated,

> We do not deem the effect of striking an appeal in this context to be automatic from the first day after [the] appellants' default. Rule 1006 is not self-enforcing.

4

Therefore, it became the duty of [the] appellee, **upon default of [the] appellants**, to praecipe to strike the appeal.

To fully accomplish the purpose of its terms, we hold that Rule 1006 must be triggered **before** an appellant files his [c]omplaint in Common Pleas Court. Instantly, the filing of the [c]omplaint by [the] appellants pursuant to Pa.R.C.P.[M.].D.J. [No.] 1004A barred [the] appellee from thereafter invoking her remedy under Pa.R.C.P.[M.]D.J. [No.] 1006.

*Friedman*, 524 A.2d at 988-89 (emphasis in original).

Thus, the court held,

[The] appellee was required to invoke her remedy under Pa.R.C.P.[M.]D.J. [No.] 1006 **before** [the] appellants filed their untimely [c]omplaint in Common Pleas Court. Rule 1006 speaks in terms of striking the **appeal**. This, in our view, contemplates a situation where the [c]omplaint has not yet been filed. **Once [the] appellants had filed their [c]omplaint, it was then too late for [the] appellee to seek relief under Rule 1006, even though the [c]omplaint was unseasonable. She had, by then, lost the race to the Courthouse**.

We repeat, Rule 1006 is not self-enforcing. Its effect is not automatically triggered even if, after 20 days have passed, an appellant has not filed his [c]omplaint. In that event, it is incumbent upon an appellee to proceed under Rule 1006 to strike the appeal from the record. Rule 1006 only provides for the striking of an **appeal** filed pursuant to Pa.R.C.P.[M.]D.J. [No.] 1002. We discern no language in Rule 1006 which encompasses within its terms the striking of an untimely filed [c]omplaint, as well, nor will we read any such requirement into a Rule which clearly on its face provides for a method by which an appeal is to be stricken from the record for failure to comply with Pa.R.C.P.[M.]D.J. [No.] 1004A. As we have stated earlier, this rule mandates

5

> the filing of a [c]omplaint within 20 days of the taking of an appeal from the judgment of a [d]istrict [j]ustice.

*Friedman*, 524 A.2d at 989 (third emphasis added).

The court further concluded that the remedy of Pa.R.C.P.M.D.J. No. 1006 "must be invoked **before**" an appellant files his or her complaint in the trial court and that "to hold otherwise would frustrate the purpose of Rule 1006 which, . . . , by its terms, is to punish an appellant for failure to file his [c]omplaint pursuant to Rule 1004A." *Friedman*, 524 A.2d at 990 (emphasis in original). Ultimately, the court held that even though the appellants untimely filed their complaint, the appellee's praecipe to strike the complaint under Pa.R.C.P.M.D.J. No. 1006 "was without effect" because it occurred after the appellants already filed their complaint. *Friedman*, 524 A.2d at 990. Therefore, the Superior Court reversed the trial court's order denying the appellants' petition to reinstate and remanded the matter to the trial court so that it could "proceed to disposition according to the Pennsylvania Rules of Civil Procedure governing civil actions." *Id.*; *see also Shuga v. Shearer*, 1 Pa. D. & C.4th 289, 291 (1988) (holding that because the defendant filed her praecipe to strike under Pa.R.C.P.M.D.J. No. 1006 **after** the plaintiff's untimely complaint had already been filed, the defendant "lost the race to the courthouse" and could no longer seek relief under Rule 1006).

Here, we conclude that *Friedman* is persuasive and that its reasoning aptly resolves this matter. Ms. Rahman filed her complaint more than 20 days after she filed her notice of appeal from the magisterial district court judgment with the trial court. Specifically, Ms. Rahman filed her notice of appeal on April 13, 2018, and filed her complaint May 4, 2018. Accordingly, because Ms. Rahman filed her complaint 21 days after filing her notice of appeal, her complaint was untimely filed pursuant to Pa.R.C.P.M.D.J. No. 1004A. However, Appellees did not file their Praecipes to Strike

6

Appeal pursuant to Pa.R.C.P.M.D.J. No. 1006 until May 8, 2018, which was four days **after** Ms. Rahman filed her complaint.

In order to invoke Pa.R.C.P.M.D.J. No. 1006, Appellees were required to file their Praecipes to Strike Appeal before Ms. Rahman filed her complaint. *Friedman*, 524 A.2d at 989. Yet, because Ms. Rahman filed her complaint **before** Appellees filed their Praecipes to Strike Appeal, Appellees were barred from invoking Pa.R.C.P.M.D.J. No. 1006. Since the Praecipes to Strike Appeal were filed after the complaint, Appellees "lost the race to the courthouse," and thereafter could not seek relief under Pa.R.C.P.M.D.J. No. 1006. *Id.* Therefore, because the Praecipes had no legal effect, the trial court committed an error of law when it did not reinstate Ms. Rahman's appeal, but rather, denied Ms. Rahman's Motion to Open Judgment and Motion to Dismiss Praecipe.

The trial court appears to have recognized its error, concluding that *Friedman* is controlling if Ms. Rahman's filings were to be considered petitions or motions to reinstate her appeal. (Trial court op. at 1-2.) However, the trial court stated it was unsure whether its order was an appealable order, and requested that we either quash the appeal or remand the matter for further proceedings consistent with *Friedman*. *Id.*

Under Rule 341 of the Pennsylvania Rules of Appellate Procedure, "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341. Further, Rule 341 defines a final order as "any order that . . . disposes of all claims and of all parties." *Id.* Here, the trial court prothonotary granted Appellees' Praecipes to Strike Appeal and the trial court did not reinstate Ms. Rahman's appeal when it denied her Motion to Open Judgment and Motion to Dismiss Praecipe in its July 9, 2018 order. Therefore, although the trial court appears to have realized its error pursuant to *Friedman*, because the trial court's July 9, 2018 order effectively disposed

7

of all claims by not reinstating Ms. Rahman's stricken appeal, it was a final appealable order.

Accordingly, because the trial court erred in not reinstating Ms. Rahman's appeal, given that Appellees were precluded from seeking relief under Pa.R.C.P.M.D.J. No. 1006 after Ms. Rahman had filed her complaint, we reverse the trial court's July 9, 2018 order and remand to the trial court so that it may proceed to disposition in accordance with the Pennsylvania Rules of Civil Procedure governing civil actions.[4,5]

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Although we conclude that, despite Ms. Rahman filing an untimely complaint, Appellees could not seek relief under Pa.R.C.P.M.D.J. No. 1006, this does not mean that Appellees are precluded from seeking recourse pursuant to the Pennsylvania Rules of Civil Procedure, such as by filing preliminary objections or a motion for judgment on the pleadings.

[5] Because we conclude that the trial court erred in not reinstating Ms. Rahman's appeal, it is unnecessary to address the other issues raised by Ms. Rahman.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Farida B. Rahman,
          Appellant

         v.

Foster Township and Thomas J.
Jones, Jr.

:
:
:   No.  1099 C.D. 2018
:
:
:
:
:

## ***ORDER***

AND NOW, this 7th day of June, 2019, the July 9, 2018 order of the Court of Common Pleas of Luzerne County (trial court) is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

 

_____
PATRICIA A. McCULLOUGH, Judge