J-S66016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN FLAGLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS TEMPLIN | : | |
| | : | |
| Appellant | : | No. 1631 EDA 2019 |

Appeal from the Orders Dated May 13, 2019
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2019-00936

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 30, 2020**

Appellant Francis Templin appeals *pro se* from the orders denying his emergency petition to open or strike the magisterial district court judgment entered in favor of Appellee John Flagler and striking Appellant's untimely notice of appeal from the district court judgment.  We vacate the orders and remand, as set forth further below.

We state the background as set forth by the trial court:

On August 27, 2018, the Hon. Douglas Schlegel, MDJ 03-3-02 ("MDJ Schlegel"), entered judgment against [Appellant] and in favor of [Appellee] in the amount of $12,203.15.

[On January 30, 2019, Appellant filed a notice of appeal from the judgment.  He also filed an emergency petition for allowance to file a notice of appeal from the magisterial district court judgment. In the petition, Appellant claimed that he attempted to file his notice of appeal on September 20, 2018, but that the prothonotary received it on September 28, 2018, which was two

days after the appeal deadline expired.[1]  Attached to Appellant's petition was a letter from the trial court's prothonotary rejecting Appellant's notice of appeal as untimely.  The trial court never ruled on Appellant's emergency petition.]

Though Appellant contends that he mailed a notice of appeal of the magisterial district justice judgment for filing on September 20, 2018, the record reflects that no notice of appeal was received and filed until January 30, 2019.

On May 13, 2019, [Appellee] presented his motion to strike notice of appeal from district justice, of which notice was given to Appellant on May 6, 2019.[2]  Following the hearing, and upon finding that Appellant's notice of appeal from the judgment of the magisterial district justice was untimely filed and/or served, the [trial court] entered two orders of court on May 13, 2019.  The first order granted [Appellee's] motion to strike notice of appeal from district justice on the grounds that the notice of appeal was not timely filed, despite Appellant's attempt to invoke the mailbox rule.  Rule 1002 of the Rules of Civil Procedure governing actions and proceedings before magisterial district judges mandates that no notice of appeal [to the Court of Common Pleas] from any aggrieved party shall be accepted where the notice is presented for filing more than thirty (30) days after the date of entry of the judgment without leave of court and upon good cause shown.  ***See*** Pa.R.C.P.M.D.J. No. 1002(A).  Here, Appellant's notice of appeal was filed on January 30, 2019, more than one hundred fifty (150) days after the judgment of MDJ Schlegel.

The second order denied Appellant's emergency motion to strike district court judgment and dissolve writ of execution, on the grounds that Pa.R.C.P.M.D.J. No. 1002 provides the proper avenue for relief for a party aggrieved by the judgment of a magisterial district court, through the filing of a timely notice of appeal.  Alternatively, a defendant aggrieved by the judgment of

---

[1] The trial court incorrectly stated that Appellant's notice of appeal was received **one** day late.

[2] In Northampton County, the local rules of civil procedure require that the opposing party be notified of the motion prior to filing the motion with the trial court.  Northampton County Local Rule of Civil P. N208.3(a). Appellant did not file a response in opposition.

- 2 -

a magisterial district justice may also file a praecipe for writ of certiorari, pursuant to Pa.R.C.P.M.D.J. No. 1009. However, a challenge to the judgment of a magisterial district justice, whether by notice of appeal under Rule 1002, or by praecipe for writ of certioari under Rule 1009, must be filed within thirty (30) days of the judgment. Here, the [c]ourt found no cognizable legal basis for granting the relief requested by Appellant and striking the magisterial district court judgment.

Trial Ct. Op., 8/2/19, at 1-2 (some formatting altered).[3]

On May 28, 2019, Appellant timely appealed from the trial court's orders, as set forth above, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues, which we reordered to facilitate disposition:

1. Did the "Notice of Appeal" from the District Court judgment meet the threshold requirements of Rule 902, the timeliness requirement of Rule 903, and was the rejection of the Notice of Appeal by a Clerk of Court improper and consequential?

2. Did the Magisterial District Justice ("MDS"), in trying Appellant in absentia on August 27, 2018:

A. Violate Appellant's rights and protections as afforded by the Due Process Clause of U.S. Const. Amend. XIV;

B. Act in contravention of, and fail to abide by, U.S. Const. Art. VI Cl. 2, which states in pertinent part: "The Constitution is the supreme Law of the land," And, "The judges in every state shall be bound thereby";

---

[3] Meanwhile, on March 21, 2019, Appellant (who was the defendant in the MDJ action) improperly filed a complaint raising various claims against five other defendants, including Appellee's counsel and MDJ Schlegel. MDJ Schlegal filed preliminary objections, which the trial court has not yet resolved.

C. Ignore the relevant precedent holdings in **Abbott v. Latshaw**, **Cleveland. Bd. of Educ. v. Loudermill**, **Posey v. Swissvale Borough**, and **Schmidt v. Creeden**, to the extreme detriment of Appellant;

D. Act in contravention of, and fail to abide by, the "Rules of The Judicial Standards Applicable to Magisterial District Justices"; and

E. As a result of one or more of the above, did these actions lead to the adverse judgment against Appellant, in the amount of Twelve Thousand Dollars ($12,000.00).

3. If the answer to any or all of the questions set forth in [2]. is in the Affirmative, is there then sufficient cause to strike the District Court Judgment?

4. Was the Trial in State Court 03-3-02 barred by the doctrine of collateral estoppel, and, if so, is the ensuing judgment void ab initio?

5. A Rule to Show Cause Order was filed by the Court on March 22, 2019; the Order was properly served on the Appellee [on] April 7, 2019, making the rule returnable date certain April 26, 2019; as of at least October 1, 2019, appellee has not filed an answer to the Appellant's "Motion to Open or Strike District Court Judgment"; is Appellant entitled by law, pursuant to Pa. R.Civ.P.206.5 and 206.7(a), to the relief requested in said Motion?

Appellant's Brief at 6-7 (unpaginated).

Initially, we address Appellant's claim that his September 20, 2018 notice of appeal was timely filed. Appellant argues that he made a "good faith effort" to timely file his notice of appeal because he placed his notice of appeal

in the prison mailbox on September 20, 2018. *Id.* at 30-31 (unpaginated).[4] Appellant contends the trial court should have accepted his notice of appeal as timely filed, although the trial court received it two days after the September 26, 2018 deadline.

We review an order striking an appeal from a judgment entered by a magistrate district judge for an abuse of discretion or error of law. *See generally Labriola v. Renovations Unlimited, Inc.*, 596 A.2d 232, 233 (Pa. Super. 1991); *accord Rahman v. Foster Twp.*, 211 A.3d 914, 918 (Pa. Cmwlth. 2019). Section 5571 of the Judicial Code governs the time for filing an appeal generally. In relevant part, Section 5571(b) provides that "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa.C.S. § 5571(b). The definition of "tribunal" includes a magisterial district judge. 42 Pa.C.S. § 102. Rule 1002 of the Pennsylvania Rules of Civil Procedure governing proceedings before magisterial district judges allows the trial court to accept an untimely notice of appeal with leave of court and upon a showing of good cause. Pa.R.C.P.M.D.J. 1002(A).

---

[4] We liberally construe Appellant's *pro se* argument. *See Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (noting "this Court is willing to construe liberally materials filed by a *pro se* litigant" (citation omitted)).

Under the prisoner mailbox rule, "a legal document is deemed filed by an incarcerated litigant, proceeding *pro se*, on the date it is delivered to the proper prison authority or deposited in the prison mailbox." **Thomas v. Elash**, 781 A.2d 170, 176 (Pa. Super. 2001). The **Thomas** Court acknowledged that *pro se* incarcerated litigants "cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline." **Id.** at 175 (citation omitted). Therefore, "in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." **Id.** (citation omitted). The **Thomas** Court extended the prisoner mailbox rule to all civil cases. **Id.** at 178.

Here, Appellant is an incarcerated *pro se* civil litigant. As such, he is entitled to have the prisoner mailbox rule apply to all of his filings, including a notice of appeal.[5] **See id.** On August 27, 2018, the magisterial district judge entered judgment, and Appellant apparently attempted to file his notice of appeal on September 20, 2018, within the thirty-day period of time. **See** 42 Pa.C.S. § 5571(b). The trial court's prothonotary stated it received

---

[5] Appellant has not submitted verifiable documentation or a prison cash slip that supports Appellant's contention of the date he mailed his notice of appeal.

Appellant's notice of appeal on September 28, 2018, in its letter of the same date. Further, the prothonotary's letter indicated that Appellant's notice of appeal was filed after the thirty-day appeal deadline and was untimely.

On January 30, 2019, Appellant filed his emergency petition for allowance to file notice of appeal from the August 27, 2018 judgment, which attached, among other exhibits, the prothonotary's rejection letter. **See** Pa.R.C.P.M.D.J. 1002(A). The trial court, however, never ruled on Appellant's emergency petition, notwithstanding the trial court's observation that "the record reflects that no notice of appeal was received and filed until January 30, 2019." **See** Trial Ct. Op. at 1. Because the trial court did not rule on Appellant's emergency petition and supporting exhibits, we deem it appropriate to vacate without prejudice the trial court's orders at issue and remand for a ruling by the trial court. **See generally Lyons**, 833 A.2d at 251-52. **Cf. Ferris v. Harkins**, 961 A.2d 56 (Pa. 2008) (*per curiam*) (order) (remanding case to trial court for consideration of unresolved motion for new trial). After ruling on Appellant's emergency petition, the trial court may enter any such orders it deems necessary.

Orders vacated. We deny as moot Appellant's application to consolidate appeals,[6] application for extraordinary relief, and application for appointment

---

[6] In any event, the certified record does not reflect another appeal to this Court.

of civil counsel. Case remanded for further proceedings. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 3/30/2020*