IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Foster Township              :
                                    :
      v.                        :    No. 445 C.D. 2022
                                      :
Farida B. Rahman,       :    Submitted: February 6, 2024
             Appellant    :

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                 FILED: March 18, 2024

        Farida B. Rahman (Rahman), proceeding *pro se*, appeals from the April 6, 2022 Order of the Court of Common Pleas of Luzerne County (trial court), which denied her application for permanent injunctive relief. Upon review, we affirm.

## I. Facts and Procedural History

        Rahman owns real property at 53 Prescott Road, White Haven, which is in Foster Township (Township), Luzerne County, Pennsylvania. For the past 12 years, since approximately 2011, Rahman has been involved in ongoing collection matters and other litigation with the Township concerning a sewer connection on her property.[1]

        The most recent dispute arose when, on January 10, 2022, the Township sent Rahman a letter by certified mail, notifying her that her sewer account was past

---

[1] In fact, this is the fifth appeal Rahman has filed in connection with her ongoing dispute with the Township. *See Foster Township v. Rahman* (Pa. Cmwlth., No. 1428 C.D. 2021, filed September 22, 2023); *Rahman v. Foster Township* (Pa. Cmwlth., No. 1099 C.D. 2018, filed June 7, 2019); *Rahman v. Foster Township and Jones*, 211 A.3d 914 (Pa. Cmwlth. 2019); *Foster Township v. Rahman* (Pa. Cmwlth., No. 1172 C.D. 2018, filed November 18, 2019); *Foster Township v. Rahman* (Pa. Cmwlth., No. 847 C.D. 2011, filed February 21, 2012). Since filing the present appeal, Rahman has filed two more appeals that are pending in this Court at docket numbers 588 C.D. 2023 and 1406 C.D. 2023.

due in the amount of $561.00 and giving her 30 days to dispute the validity of the debt. (Reproduced Record (R.R.) at 11a.) The January 10, 2022 letter stated: "If you do notify us that you dispute the validity of this debt within thirty (30) days after receipt of this letter, we will obtain verification of the debt and provide it to you." *Id.*

Rahman disputed the debt within 30 days by delivering to the Township a letter on February 8, 2022, alleging that she did not owe the debt because the Township "[does] not provide any sewer service" at her property. *Id.* at 12a. On February 18, 2022, the Township filed a municipal lien against Rahman's property in the amount of $754.25 for unpaid sewer fees, penalties, filing costs, and attorney fees. *Id.* at 8a. On February 18, 2022, a Notice of Entry of Judgment was sent to Rahman by the Division of Judicial Records and Services for Luzerne County. *Id.* at 6a.

On February 27, 2022, Rahman filed a motion titled "Motion Request to Judge et al. 42 Pa. C.S.[] § 5505 Permits Judgment Should be Vacated due to Fraud, error Dated February 18, 2022 and for Special Injunction" (Motion to Vacate and for Special Injunction). *Id.* at 1a. Rahman argued that the judgment should be vacated because: (1) the Township had in 2010 already executed on a prior judgment in the amount of $2,673.48; (2) the Township did not use the $2,673.48 to satisfy her outstanding sewer bills;[2] (3) the Township did not provide her with verification of the debt as promised in its January 10, 2022 letter; and (4) the Township does not provide sewer service to her house and, therefore, she should not be receiving any sewer bills. She also requested a "special injunction" to stop the Township from executing on the judgment. *Id.* at 1a-4a.

---

[2] She claims the Township and her former attorney, Thomas J. Jones, Jr., "pocketed the money." (R.R. at 33a-34a.) Rahman has also commenced a civil action against Attorney Jones. *See Rahman v. Foster Township and Jones*, 211 A.3d 914 (Pa. Cmwlth. 2019).

On March 1, 2022, the trial court conducted an *ex parte* hearing to consider the emergency injunctive nature of the Motion to Vacate and for Special Injunction, at which Rahman appeared and represented herself. Rahman testified that, although she is not using the toilets in her house, the Township "keep[s] sending [her] bills" and issued the lien. *Id.* at 32a-37a. She presented photographs of two dried-up toilet bowls. After hearing her testimony and arguments, the trial court denied Rahman's Motion to Vacate and for Special Injunction to the extent Rahman requested special injunctive relief because she failed to demonstrate that the municipal lien would cause her immediate and irreparable injury. *Id.* at 18a, 39a, 47a. A second hearing was scheduled by the trial court for March 22, 2022, to resolve the remaining arguments Rahman raised regarding the validity of the municipal lien. *Id.* at 18a, 24a.

On March 7, 2022, Rahman filed a Notice to the Township to issue a *scire facias* pursuant to Section 16 of the Municipal Claims and Tax Lien Act (MCTLA), 53 P.S. § 7184.[3] *Id.* at 20a. In response, the Township issued a writ of *scire facias* on

---

[3] Act of May 16, 1923, P.L. 207, *as amended.* Section 16 of MCTLA provides:

> Any party named as defendant in the claim filed, or admitted to defend thereagainst, may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. If no scire facias be issued within fifteen days after the affidavit of service of notice is filed of record, the claim shall be stricken off by the court, upon motion. If a scire facias be issued in accordance with such notice, the claimant shall not be permitted to discontinue the same, or suffer a nonsuit upon the trial thereof, but a compulsory nonsuit shall be entered by the court if the claimant does not appear, or withdraws, or for reason fails to maintain his claim.

53 P.S. § 7184.

The purpose of filing and serving the notice to issue a writ of *scire facias* is to force a hearing on the municipal claim. *North Coventry Township v. Tripodi*, 64 A.3d 1128 (Pa. Cmwlth. 2013). In **(Footnote continued on next page…)**

March 21, 2022, which notified Rahman that she must file an Affidavit of Defense within 15 days, or a judgment may be entered against her. *Id.* at 26a-27a.

At the March 22, 2022 hearing, Rahman provided evidence that she disputed the municipal lien within the timeframe set forth in the Township's January 10, 2022 letter. *Id.* at 61a-62a. She also established that the Township did not provide her with verification of the debt in accord with its January 10, 2022 letter. *Id.*

By order dated March 30, 2022, the trial court vacated the February 18, 2022 judgment because the Township "failed to comply with the directives in the January 10, 2022 correspondence to [Rahman] and entered judgment after a timely dispute [of] the validity of the debt was served by [Rahman] to [the] Township." *Id.* at 47a. The trial court concluded that the remainder of the Motion to Vacate and for Special Injunction was rendered moot by the vacation of the February 18, 2022 judgment. *Id.*

On March 31, 2022, the Township sent a letter to the Luzerne County Sheriff's Department and canceled service of the writ of *scire facias* based on the trial court's March 30, 2022 order. *Id.* at 28a. The letter canceling service of the writ explained, "please cancel this service request as a conference was held on this matter recently and we will be proceeding with this matter via alternative means." *Id.* at 29a (emphasis removed).

On April 2, 2022, Rahman filed another motion, titled "Motion to Dismiss the Scire Facias (Motion to Dismiss)," seeking permanent injunctive relief and arguing that, because the February 18, 2022 judgment was vacated, the Township should be enjoined from "fil[ing] such an action again." *Id.* at 44a-45a. Rahman argued that because "[t]he [Township] illegally received one judgment against [her] on February

this case, a hearing was already scheduled and the matter was proceeding on Rahman's Motion to Vacate and for Special Injunction, so it is unclear why Rahman filed the Section 16 Notice.

18, 2022 . . . [t]he [Township] cannot ask the [trial] court to get another judgment on the same action twice[.]" *Id.* at 45a.

On April 6, 2022, the trial court denied the Motion to Dismiss because the permanent injunctive relief Rahman requested was "not appropriate in that the sewer bills will continue to accumulate so long as the service is active," and because the trial court "lacked jurisdiction to permanently enjoin [the] Township from collection of delinquent sewer payments." *Id.* at 69a.

On April 14, 2022, Rahman filed a Motion for Reconsideration, which the trial court denied on April 19, 2022. *Id.* at 78a.

On May 3, 2022, Rahman filed her Notice of Appeal from the April 6, 2022 order denying her request to permanently enjoin the Township from issuing any more municipal liens against her property for nonpayment of her sewer bills.

After she filed her Notice of Appeal, Rahman continued to file motions in the trial court. On August 2, 2022, Rahman filed a motion titled "Motion to Judge et. al for a Compulsory Nonsuit with Prejudice" (Motion for Compulsory Nonsuit), arguing that because the Township canceled service of the writ of *scire facias*, the Township had "abandoned its case" and that the Township and the "[trial court] tr[ied] to cover up the truth." *Id.* at 126a-28a. The trial court entered an order on October 11, 2022, explaining that it was without jurisdiction to entertain the Motion for Compulsory Nonsuit because Rahman had already filed a Notice of Appeal thereby divesting the trial court of jurisdiction. *Id.* at 138a.

On October 30, 2022, Rahman filed another motion titled "Motion My Rights Are Violated Under 42 U.S. Code § 1983. Illegal Order Should be Vacated. Judgment Should be Entered in Her Favor," arguing that the trial court entered its October 11, 2022 order to "cover up the truth to help her friend/relative, which is

illegal" and "killing her appeal." *Id.* at 136a-37a. On November 3, 2022, the trial court entered an order once again explaining that it was without jurisdiction to rule on the motion because Rahman had filed a Notice of Appeal thereby divesting the trial court of jurisdiction. *Id.* at 144a.

In her Statement of Questions Involved, Rahman raises the following two issues:

1. Whether the [trial] court erred and abused its discretion [when it] denied [Rahman's] Motion [to Dismiss] and Reconsideration?

2. Whether the [trial] court violated [Rahman's] rights under 42 U.S. Code § 1983 [when it] entered the Order dated October 11, 2022?

(Rahman's Br. at 7.)

## II. Discussion

### A. Denial of Request to Enjoin the Township from Issuing any Future Liens Against her Property for Nonpayment of Future Sewer Bills

Rahman argues that the trial court erred when it denied her request to enjoin the Township from issuing any future liens against her property for unpaid sewer bills. She asserts that she "is not using the service" and, therefore, "there are [no] unpaid sewer bills." (Rahman's Br. at 10.) We find this argument to be lacking in merit.

Rahman's position seems to be based on the misperception that because she is not using her toilets, and has not for a long time, the Township does not provide any sewer service to her property and therefore there can be no unpaid sewer bills. *See* Rahman's Br. at 10, 21. Even though she is not using her toilets, Rahman is using the Township's sewer service in other ways. Wastewater from sinks, showers, tubs, washers, and dishwashers flow from drain lines to the main sewer line. Thus, the fact

6

that Rahman is not using her toilets does not mean that the Township is not providing sewer service to the property or billing her improperly. *See* Foster Township, Luzerne County, Pennsylvania Sewer System Rules and Regulations, Ordinance No. 1-2012, (2012) (requiring property owners to connect to the Township's sewer system and that all sanitary sewage including wastewater flowing from toilets, showers, sinks and washing machines must be discharged into the sewer system).

Section 15 of the MCTLA specifically authorizes the entry of a municipal lien on property for non-payment of fees or assessments. 53 P.S. § 7183. In addition, the liens may include any penalties, interest, and other costs. "[I]t is perfectly legal for a municipality to file liens and enter judgments on real property and have the property sold, where property owners willfully refuse to pay for the sewage and water services which they have received." *General Municipal Authority of Harvey's Lake v. Yuhas*, 572 A.2d 1291, 1294 (Pa. Super. 1990). As the trial court correctly pointed out in its April 6, 2022 order, sewer bills will continue to accumulate so long as service is active. We agree with the trial court that it had no legal basis to permanently enjoin the Township from the collection of delinquent sewer payments for the services it provides. The Township has every right to file liens and move for the entry of judgment to enforce its rights. Accordingly, we conclude that the trial court did not err in refusing to enjoin the Township from issuing any future liens against Rahman's property if she refuses to pay for sewer services she receives.[4]

---

[4] To the extent that Rahman challenges the trial court's denial of her motion for reconsideration, her argument fails. A trial court's denial of a motion for reconsideration is not an appealable order. *In re Merrick's Estate*, 247 A.2d 786, 787 (Pa. 1968); *Murkey v. Corbin*, 533 A.2d 1091 (Pa. Cmwlth. 1987).

**B. October 11, 2022 Order Denying Rahman's August 2, 2022, Motion for a Compulsory Nonsuit**

Next, Rahman argues that the trial court violated her civil rights under 42 U.S.C. § 1983[5] when it entered its October 11, 2022 order, denying her Motion for a Compulsory Nonsuit. This issue is also without merit.

As the trial court aptly explained twice, it did not have jurisdiction to rule on the merits of Rahman's Motion for Compulsory Nonsuit because it was filed **after** Rahman had filed her Notice of Appeal on May 3, 2022. After an appeal is filed, the trial court may no longer proceed in the matter. Pa. R.A.P. 1701(a). Here, once Rahman filed her appeal from the trial court's April 6, 2022 order, the trial court could not entertain the additional motions filed by Rahman. The trial court committed no error.

For the reasons set forth above, Rahman's arguments on appeal lack merit. The April 6, 2022 order of the trial court is affirmed.

---

[5] Section 1983 of the Civil Rights Act of 1963 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunizes secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Foster Township | : | |
| | : | |
| v. | : | No. 445 C.D. 2022 |
| | : | |
| Farida B. Rahman, | : | |
| Appellant | : | |

***PER CURIAM***

***ORDER***

AND NOW, this 18th day of March, 2024, the April 6, 2022 Order of the Court of Common Pleas of Luzerne County is hereby AFFIRMED.