**NORTH COVENTRY TOWNSHIP**

v.

**Josephine M. TRIPODI, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2012.

Decided Feb. 20, 2013.

Faye R. Cohen, Philadelphia, for Appellant.

Lawrence Sager, Pottstown, for Appellee.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge (P), and BROBSON, Judge.

OPINION BY Judge LEADBETTER.

Josephine M. Tripodi appeals from the April 6, 2012 order of the Court of Common Pleas of Chester County granting the petition filed by North Coventry Township (Township) seeking distribution of the supersedeas bond posted by Tripodi in her previous appeal from the order directing her to pay the 2009 judgment entered against her in the contempt proceeding (831 C.D.2012). In the second appeal, Tripodi challenges the municipal lien placed by the prothonotary on April 5, 2012 on the Township's claim for fees and costs incurred since the 2009 judgment (832 C.D.2012).[1]

Tripodi argues that the trial court erred in distributing the entire amount of the supersedeas bond to the Township without providing her an opportunity to object and without requiring an accounting for the

---

1. By per curiam order dated May 22, 2012, this Court denied Tripodi's application to consolidate these two appeals. To properly address the issues raised in the appeals, however, we must consider numerous agreements of the parties, orders issued by the same trial judge in the same action over the five-year period and Tripodi's previous appeals. Accordingly, while we enter separate orders, we will discuss both appeals in a single opinion for the sake of judicial economy.

amount by which the supersedeas bond exceeded the 2009 judgment. She also seeks to strike the municipal lien, contending that she did not have an opportunity to object. After careful review of the record and applicable law, we quash the appeal from the April 5, 2012 entry of the municipal lien as an appeal from a non-appealable order. We affirm the trial court's April 6, 2012 order only to the extent that it directed the prothonotary to pay the Township the 2009 judgment amount, plus interest and costs to be determined on remand. To the extent that the April 6, 2012 order directed the prothonotary to pay the Township any remaining amount from the supersedeas bond, it is vacated.

## I.

Tripodi owns an apartment complex with 27 residential units, known as the Kline Place Apartments, in the Township. In 2007, the Township commenced an action against Tripodi, alleging that her property posed an imminent danger to the health and safety of its residents due to numerous violations of the fire, property maintenance, plumbing and electric codes. The Township sought to enjoin her from occupying or renting the property until it complied with the code requirements. The Township subsequently filed two contempt petitions against Tripodi for her failure to comply with the trial court's orders. The parties ultimately agreed to appoint a master to oversee repair work on the property, which was incorporated into the trial court's order.

The Township thereafter filed two more contempt petitions against Tripodi. After a hearing held on the fourth contempt petition, the court found Tripodi in contempt of its previous orders and ordered her to pay the Township $46,581.96: $12,411.96 for the Township's attorney's fees and costs and $34,170 for the master's

fees and costs. The court entered a judgment in that amount in favor of the Township and against Tripodi and stated that "[a]ny future fees and costs incurred by the Township and Master ... shall constitute a lien against the Property to be perfected upon the Township's filing a Statement and Declaration of Municipal Lien...." Trial Court's August 27, 2009 Order, ¶ 2. The court dismissed Tripodi's motions for reconsideration, and that order was affirmed by this Court. *Tripodi v. N. Coventry Twp.*, 15 A.3d 564 (Pa.Cmwlth. 2011).

In the meantime, the Township filed a fifth contempt petition in June 2010, alleging that Tripodi failed to cooperate with the court-appointed master and refused to comply with the trial court's previous orders. In an order dated September 22, 2010, the trial court found Tripodi to be in indirect criminal contempt and sentenced her to 3–months incarceration. The court permitted her to avoid incarceration by paying the Township the August 27, 2009 judgment amount of $46,581.96: $25,000 in cash by September 30 and a security for payment of the remaining amount in 3 installments by December 31. She appealed the order and posted a supersedeas bond in the amount of $55,896.36, 120% of the $46,581.96 judgment, which operated as an automatic supersedeas pursuant to Pa. R.A.P. 1731(a). In a memorandum opinion and order, this Court affirmed the trial court's order. *N. Coventry Twp. v. Tripodi*, 40 A.3d 124 (Pa.Cmwlth.2011). The Supreme Court denied her petition for allowance of appeal on February 28, 2012. *N. Coventry Twp. v. Tripodi*, —— Pa. ——, 40 A.3d 124 (2012).

On April 5, 2012, the Township filed a claim for additional fees and costs in the amount of $14,304 incurred after the August 27, 2009 judgment until June 28, 2011 and asked the prothonotary to place a

municipal lien on Tripodi's property. The prothonotary then placed and indexed a municipal lien on her property in the amount of $14,304 on April 5, 2012. The Township also filed a petition with the trial court seeking an order directing the prothonotary to pay the Township the supersedeas bond amount of $55,896.36 posted by Tripodi in her appeal from the September 22, 2010 order. In an order dated April 6, 2012, the trial court granted the petition and ordered the prothonotary to pay the Township $55,896.36, which would satisfy the trial court's August 27, 2009 judgment of $46,581.96 plus interest and costs, and also a portion of the April 5, 2012 municipal lien amount of $14,304. After the trial court denied her motion for reconsideration, Tripodi filed two appeals, one from the April 5 entry of the municipal lien and the other from the trial court's April 6 order directing distribution of the entire amount of the supersedeas bond to the Township.

## II.

We will first consider Tripodi's appeal from the April 5, 2012 entry of the municipal lien on her property (based upon the Township's claim for fees and costs incurred since the 2009 judgment). Stating incorrectly that the trial court, not the prothonotary, entered the municipal lien, she argues that the lien should be stricken because she did not have an opportunity to object to its entry. She contends that the Township did not specify fees and costs and that one of the properties on which the municipal lien was placed is not a property involved in this action. The Township argues that the appeal should be quashed because mere placement of a municipal lien is not an appealable final order.

■ Section 3(a) of the Act of May 16, 1923, P.L. 207, *as amended,* commonly known as the Municipal Claims Act of 1923

(Act), 53 P.S. § 7106(a), provides that "[a]ll municipal claims, municipal liens, taxes, tax claims and tax liens which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ... shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees...." A municipal lien arises by operation of law whenever a municipal claim is lawfully assessed or imposed upon the property. *Shapiro v. Ctr. Twp.,* 159 Pa.Cmwlth. 82, 632 A.2d 994 (1993). A municipal lien is a charge, claim or encumbrance on the property placed to secure payment of a debt and does not affect the owner's right to possess or control the property. *Borough of Ambler v. Regenbogen,* 713 A.2d 145 (Pa.Cmwlth.1998); *Unity Sav. Ass'n v. Am. Urban Sciences Found. Inc.,* 337 Pa.Super. 470, 487 A.2d 356 (1984). The prothonotary must "keep a locality index, in which shall be entered all tax or municipal claims." Section 26(a) of the Act, 53 P.S. § 7146(a).

■ If the property owner does not dispute a municipal claim, the owner may remove a municipal lien by simply paying the claim. *Shapiro.* To challenge a municipal claim, the owner must utilize the specific procedures set forth in the Act. Section 16 of the Act, 53 P.S. § 7184, provides:

Any party named as defendant in the [municipal] claim filed, or admitted to defend thereagainst, may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. If no scire facias be issued within fifteen days after the affidavit of service of notice is filed of record, the claim shall be stricken off by the court, upon motion. If a

scire facias be issued in accordance with such notice, the claimant shall not be permitted to discontinue the same, or suffer a nonsuit upon the trial thereof, but a compulsory nonsuit shall be entered by the court if the claimant does not appear, or withdraws, or for reason fails to maintain his claim.

▆▆▆ A *scire facias* proceeding is an action in rem. *Borough of Walnutport v. Dennis,* 13 A.3d 541 (Pa.Cmwlth.2010). The issuance of a writ of *scire facias* is an original process and serves the dual purposes of a writ of summons and a complaint. *Regenbogen.* The purpose of a *scire facias* proceeding is to warn the owner of the existence of a claim so that the owner may make any defenses known and show why the property should not be under judicial subjection of a municipal lien. *Newberry Twp. v. Stambaugh,* 848 A.2d 173 (Pa.Cmwlth.2004); *Muhlenberg Twp. Auth. v. Fisher,* 94 Pa.Cmwlth. 351, 503 A.2d 1022 (1986). Any person having an interest in the property may intervene in the proceeding as a party defendant after giving 10–day written notice and obtaining leave of court. Section 12 of the Act, 53 P.S. § 7181. The property owner or any person allowed to intervene in the *scire facias* proceeding may file an affidavit of defense to the municipal claim. Section 14 of the Act, 53, P.S. § 7182; *LCN Real Estate, Inc. v. Borough of Wyoming,* 117 Pa.Cmwlth. 260, 544 A.2d 1053 (1988).

▆▆▆ After a municipal claim is filed, the following procedural alternatives are available under the Act: (1) the owner may contest the municipal claim or the amount of the claim by filing and serving a notice to issue a writ of *scire facias,* thereby forcing a hearing on the municipal claim; (2) the municipality may pursue a writ of *scire facias* without the owner's action; or

(3) the owner and the municipality may choose not to do anything, thereby letting the municipal lien remain recorded indefinitely subject to its revival in every twenty years upon issuance of a suggestion of nonpayment and an averment of default. Section 14, Section 15, 53 P.S. §§ 7183, and Section 16 of the Act; *Regenbogen.*

▆▆▆ Where, as here, the legislature provides for a specific, detailed and exclusive method for the disposition of a particular dispute, a party seeking relief must adhere to such statutory method. *City of Easton v. Marra,* 862 A.2d 170 (Pa. Cmwlth.2004). The Act provides for "no mechanism for a direct 'appeal'" from entry of a municipal lien. *Shapiro,* 632 A.2d at 997. Hence, Tripodi must raise any defenses to the Township's municipal claim in the *scire facias* proceeding and cannot seek to strike the municipal lien in a direct appeal to this Court. *Regenbogen.* See also *Penn Twp. v. Hanover Foods Corp.,* 847 A.2d 219 (Pa.Cmwlth.2004) (concluding that the petitions to strike the municipal liens were not a proper means to challenge the municipal liens). Accordingly, Tripodi's appeal from the April 5, 2012 entry of the municipal lien must be quashed.

### III.

In her appeal from the trial court's April 6, 2012 order, Tripodi argues that the court improperly directed the prothonotary to pay the Township the entire supersedeas bond amount of $55,898.36 without providing her an opportunity to object and without requiring an accounting for the amount exceeding the $46,581.96 judgment. She points out that the supersedeas bond was predicated upon the $46,581.96 judgment, not upon the subsequently filed municipal claim of $14,304.[2]

---

**2.** In its opinion, the trial court found the

Township's entitlement to partial payment of

An appeal from an order involving only payment of money operates as a supersedeas when an appellant files appropriate security "in the amount of 120% of the amount found due by the lower court and remaining unpaid." Pa. R.A.P. 1731(a). Tripodi appealed the trial court's September 22, 2010 order directing her to pay the $46,581.96 judgment and obtained an automatic supersedeas by posting a supersedeas bond in the amount of 120% of the judgment. A supersedeas bond is a judicial bond designed to "supersede" the enforcement of the trial court's judgment. *Grimme Combustion, Inc. v. Mergentime Corp.*, 867 A.2d 602, 611 (Pa.Super.2005). It is a contract in which the surety obligates itself to pay a final judgment rendered against the principal. *Id.* The supersedeas bond must include the appellant's liability for "all costs, interest and damages for delay that may be awarded." Pa. R.A.P. 1751.

Distribution of a supersedeas bond is governed by Pa. R.A.P. 1735(b), which provides in relevant part:

> Upon return of the record by the appellate court to the lower court, in a matter where the order appealed from was affirmed in whole or in part, the clerk of the lower court shall thereupon enter an order, as of the date of receipt of the remanded record, against the appellant *for the amount due upon the order as affirmed, with interest and costs as provided by law.* [Emphasis added.]

Section 8101 of the Judicial Code, 42 Pa. C.S. § 8101, provides that "a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award." Costs incurred in filing an appeal "shall be taxed in the lower court as costs of the appeal in favor of the party entitled to costs." Pa. R.A.P. 2771.

This Court affirmed the September 22, 2010 order, and our Supreme Court denied Tripodi's petition for allowance of appeal. Under Pa. R.A.P. 1735(b), therefore, the Township was entitled to payment of the $46,581.96 judgment plus interest and costs from the supersedeas bond. Accordingly, the trial court's April 6, 2012 order is proper to the extent that it ordered the prothonotary to pay the Township $46,581.96, plus interest and costs.

The Township acknowledges that the supersedeas bond amount exceeding the $46,581.96 judgment plus interest and costs would partially satisfy its municipal claim of $14,304 for fees and costs incurred since the 2009 judgment, for which the lien was placed on April 5, 2012. After a municipal claim is filed, the validity and appropriate amount of the claim is determined by the trial court in the *scire facias* proceeding. *Hanover Foods Corp.* The judgment on the municipal claim is then enforced by a writ of execution. Pa. R.C.P. Nos. 3180 and 3190. Until a judgment is entered on the municipal claim, the claimant cannot execute and collect on the municipal lien. *Regenbogen.* Hence, the trial court did not have authority to order the prothonotary to pay the Township a portion of the claim underlying the April 5 municipal lien from any excess remaining from the supersedeas bond after paying the Township the amount of the 2009 judgment, plus interest and costs.

Based on the foregoing discussion, Tripodi's appeal from the April 5, 2012 entry of the municipal lien is quashed. The trial court's April 6, 2012 order is affirmed to the extent of ordering payment of the

---

the municipal lien amount from the supersedeas bond to be questionable and perceived a

potential error in ordering disbursement of the entire supersedeas bond amount.

$46,581.96 judgment plus interest and costs to the Township from the supersedeas bond. This matter is remanded for a determination of interest and costs to be paid to the Township. The order is vacated to the extent of ordering payment to the Township of any remaining amount of the supersedeas bond.

### ORDER

AND NOW, this 20th day of February, 2013, the order of the Court of Common Pleas of Chester County in the above-captioned matter is AFFIRMED to the extent that it ordered the prothonotary to pay North Coventry Township (Township) the $46,581.96 judgment entered in favor of the Township and against Josephine M. Tripodi, plus interest and costs, from the supersedeas bond posted by Tripodi in her previous appeal. This matter is RE-MANDED for a determination of interest and costs to be paid to the Township. The order is VACATED to the extent that it ordered payment of the remaining amount of the supersedeas bond to the Township.

Jurisdiction relinquished.

### ORDER

AND NOW, this 20th day of February, 2013, the above-captioned appeal filed by Josephine M. Tripodi is hereby QUASHED.