IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Penn Hills School District and :
Municipality of Penn Hills :
 :
 :
  v. : No. 228 C.D. 2019
 : SUBMITTED:  May 15, 2020
Kamakshi, Inc. :
 :
  v. :
 :
 :
Adelita Real Estate Development, :
Inc. Assignee of Home Loan :
Investment Bank FSB, :
   Appellant :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
   HONORABLE MICHAEL H. WOJCIK, Judge
   HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER      FILED:  June 19, 2020

 Appellant Adelita Real Estate Development, Inc., Assignee of Home Loan Investment Bank FSB (Adelita), appeals from the Court of Common Pleas of Allegheny County's (Trial Court) January 24, 2019 order, granting Appellees Penn Hills School District and Municipality of Penn Hills' (Penn Hills) "Emergency Motion to Confirm June 4, 2018 Sale to Pho Real Estate, LLC" (Emergency Motion). We affirm.

On September 11, 2011, Penn Hills filed a writ of *scire facias*[1] against two properties, located at 4689 Verona Road in Verona, Pennsylvania, and on Sandy Creek Road in Pittsburgh, Pennsylvania, due to unpaid real estate taxes owed on those properties by their owner, Kamakshi, Inc. (Kamakshi). Tr. Court Op. at 1. Subsequently, Penn Hills sought an order allowing for the properties to be sold free and clear at a sheriff's sale and setting the minimum acceptable bid at $25,000. *Id.* The Trial Court issued Penn Hills' desired order on May 30, 2018, and the properties were sold to Pho Real Estate, LLC (Pho), at a sheriff's sale on June 4, 2018, for $25,000. *Id.*

Penn Hills then discovered that Home Loan Investment Bank, FSB, which held a mortgage interest in the properties and had obtained a judgment against Kamakshi in a separate foreclosure action, had assigned both the mortgage and the judgment to Adelita shortly after Penn Hills had completed a title search for the properties. *Id.* at 1-2. Because Penn Hills had been unaware of Adelita's interest in the properties, Penn Hills had not notified it of the June 4, 2018 sheriff's sale. *Id.* In response, Penn Hills filed a Motion for Special Sheriff's Sale and a Motion for Amended Final Order of Court, both of which were granted by the Trial Court on June 28, 2018. *Id.* at 2-3. Collectively, the Trial Court's June 28, 2018 orders enabled the properties to be relisted for a special sheriff's sale on August 6, 2018, to give

---

[1] Pursuant to what is commonly known as the Municipal Claims and Tax Liens Act (MCTLA), Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455, "a municipality may enforce payment of a municipal claim by filing a writ of *scire facias*. *See* Section 17 of the MCTLA, 53 P.S. § 7185 ("[t]he claim shall be sued by writ of *scire facias*"). "A *scire facias* proceeding is an action in rem. . . . The issuance of a writ of *scire facias* is an original process and serves the dual purposes of a writ of summons and a complaint. . . . The purpose of a *scire facias* proceeding is to warn the owner of the existence of a claim so that the owner may make any defenses known and show why the property should not be under judicial subjection of a municipal lien." *N. Coventry Twp. v. Tripodi*, 64 A.3d 1128, 1133 (Pa. Cmwlth. 2013) (internal citations omitted).

Adelita sufficient notice and opportunity to protect its interest in the properties. *Id.* These orders made clear that Adelita was required to bid, at minimum, the upset price for the properties, which was $264,002.27, and stated that Adelita's failure to do so would result in divestment of its interest and Pho gaining title free and clear to the properties. *Id.* at 2-3, 6. Adelita was provided notice, but did not object to these motions or the terms of the resulting orders. *Id.* at 3-4. Instead, Prasad Margabandhu, Adelita's representative, appeared at the August 6, 2018 special sheriff's sale, offered to pay the upset price for the properties, and was the winning bidder. *Id.* at 4.

Adelita, however, did not make the necessary minimum payment of 10% in order to protect its bid. *Id.* As a result, Penn Hills presented its Emergency Motion to the Trial Court on August 9, 2018. *Id.* Adelita contested the Emergency Motion, prompting the Trial Court to order the parties to conduct discovery and file briefs. *Id.* at 4-5. The Trial Court then heard oral argument from the parties regarding the Emergency Motion on January 24, 2019, and granted the Emergency Motion that same day. *Id.* at 5. This appeal followed on February 22, 2019.

Adelita raises numerous appellate issues for our consideration, all of which are reducible to two points. First, the Trial Court abused its discretion, erred as a matter of law, and violated Adelita's due process rights by granting the Emergency Motion, because Adelita was not given proper advance notice of the June 4, 2018 sheriff's sale. *See* Adelita's Br. at 7-19.[2] Second, the Trial Court abused its discretion

---

[2] Adelita also argues that "[t]he sale of the propert[ies] for only $25,000.00 where an [u]pset [p]rice of $264,002.27 is later established, shocks the conscience." Adelita's Br. at 19. However, in context, it is evident that this portion of Adelita's argument is rooted in its belief that Adelita should have been given an opportunity to place a successful bid for $25,000, rather than that this lesser amount was truly a grossly inadequate sale price for the properties. *See id.* at 18 ("To sell the propert[ies] at less than 10% 'free and clear' without providing notice violates

by determining that Prasad Marugabandhu held financial interests in both Adelita and Kamakshi, because this determination was not supported by substantial evidence. *Id.* at 14-15.

Upon review, we conclude that neither of these arguments are meritorious. First, the notice issues caused by the initial failure to notify Adelita of the June 4, 2018 sheriff's sale were fully cured by the Trial Court's decision to grant both the Motion for Special Sheriff's Sale and the Motion for Amended Final Order of Court. Adelita had ample opportunity to challenge both of these motions prior to them being granted, as well as the terms of the resultant orders issued by the Trial Court. For reasons known only to Adelita, it elected not to do so. Instead, Adelita chose to bid upon the properties at the August 6, 2018 sheriff's sale, fully cognizant of the requirements imposed upon it by the aforementioned orders, as well as the consequences of failing to tender a proper bid. Given this, Adelita cannot now complain to us about the Trial Court's decision to grant the Emergency Motion. *See Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa. Super. 2000) ("In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court."). Second, it is immaterial to the outcome here whether Prasad Margabandhu has or had financial interests in both Adelita and Kamakshi. Regardless of whether this is true, it does not change the fact that Adelita was given proper notice of the August 6, 2018 special sheriff's

---

Adelita's rights and interests but also does not allow the local government to recover."); Adelita's Br. in Opposition of Emergency Motion at 5 ("Adelita did bid the same amount of $25,000.00 at the August [6, 2018 upset s]ale as was bid [by Pho] at the June [4, 2018 sheriff's s]ale — Penn Hills just does not want to accept [this amount] from Adelita after erroneously holding the June [4, 2018 sheriff's s]ale."). Therefore, this aspect of Adelita's argument is nothing more than a restatement of Adelita's broader, notice-related challenge to the Trial Court's decision to grant the Emergency Motion.

sale, bid on the properties at that sale, and then did not secure its bid due to its failure to render the necessary deposit.[3] Therefore, we affirm the Trial Court's January 24, 2019 order.

_____
ELLEN CEISLER, Judge

---

[3] Furthermore, we note that "Prasad Marugabandhu" is listed as Kamakshi's incorporator, while "Prasad Margabandhu" is both named in Adelita's articles of incorporation as the individual to whom the Pennsylvania Department of State, Bureau of Corporations and Charitable Organizations, should return the incorporation paperwork and is who bid on the properties at the August 6, 2018 special sheriff's sale on Adelita's behalf. Reproduced Record at 206a-09a; Tr. Court Op. at 4.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Penn Hills School District and    :
Municipality of Penn Hills      :
                                 :
       v.               :  No. 228 C.D. 2019
                                 :
Kamakshi, Inc.              :
                                 :
       v.               :
                                 :
Adelita Real Estate Development,  :
Inc. Assignee of Home Loan     :
Investment Bank FSB,        :
               Appellant   :

## **O R D E R**

AND NOW, this 19th day of June, 2020, the Court of Common Pleas of Allegheny County's (Trial Court) January 24, 2019 order, through which the Trial Court granted Appellees Penn Hills School District and Municipality of Penn Hills' "Emergency Motion to Confirm June 4, 2018 Sale to Pho Real Estate, LLC," is AFFIRMED.

                                      _____

                                      ELLEN CEISLER, Judge